RECEIVED
MAR 30 2015
CITY ATTORNEY'S OFFICE
CITY OF VALLEJO

FILED
APR 3 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

EXPRESSIVE ASSOCIATION
DESHAWN CATHEY
465 CARLSON STREET
VALLEJO, CA 94590
(510) 512-3938

IN PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DESHAWN CATHEY,

    Plaintiff,

vs.

CITY OF VALLEJO, et., al.,

    Defendant

Case No. 2:14-cv-01749-JAM-AC

**PLAINTIFF'S FIRST AMENDED CIVIL RIGHTS COMPLAINT PURSUANT 42 U.S.C. 1983 AND DEMAND FOR JURY TRIAL**

## CLAIMS

1. White female defendant Vallejo Police Officer Jodi Brown, badge #637, violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and California State law, when she conducted a person stop on innocent, unarmed, non-threating black adult male Plaintiff without reasonable suspicion or probable cause to conduct a person stop, search of Plaintiff's person, unlawfully arrested, incarcerated Plaintiff without probable cause and subjected Plaintiff to excessive and/deadly force. Terry v. Ohio, 392 U.S. 1 (1968); Liberal v. Estrada, 632 F.3d 1064 (9th Cir. 2011); Florida v. Royer, 460 U.S. 49 (1983); U.S. v. Mendenhall, 446 U.S. 544 (1980); Devdenpeck v. Alford, 543 U.S. 146 (2004); La Londe v. County of Riverside; 204 F.3d 947 (9th 2000); Tekle v. United States, 511 F.3d 839 (9th Cir. 2007); Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005), Blankenhorn v. Orange, 485 F.3d 463 (9th Cir 2007).

2. The City of Vallejo is liable for actions of Defendant Jodi Brown because the City has a longstanding, practice, policy or custom of allowing police officers to use excessive force. Hunter v. County of Sacramento, 652 F.3d 1225 (9th Cir. 2011).

3. Plaintiff is engaging in "Expressive Association" with his legal assistant "Frederick Marc Cooley" and Plaintiff requests that the Court recognizes his relationship with his legal assistant is protected by the First Amendment of the United States Constitution. Blaisdell v. Frappiea, 729 F.3d 1237 (9th Cir. 2013).

## STATEMENT OF CLAIMS

On April 3, 2014, at approximately 4:00 p.m., innocent unarmed and non-threatening black male adult Plaintiff Deshawn Cathey was visiting his friend Patricia Nuttall at her residence located at 813 5th Street, Vallejo, California 94590. Plaintiff was leaving his friend's residence and as he was attempting to approach his vehicle, all of a sudden several Vallejo Police vehicle stopped at the residence detained Plaintiff for unknown reason by Vallejo Police Officer Jodi Brown badge #637. Plaintiff initially complied with Defendant Brown's verbal commands to stop. Without reasonable suspicion or probable cause that Plaintiff was engaging in criminal activity Defendant Brown placed Plaintiff in handcuffs extremely tight and Plaintiff immediately complain and requested that Defendant Brown loosen them but she ignored the Plaintiff's request. Without Plaintiff's consent, Defendant Brown searched Plaintiff's person including the inside of his pockets with negative results but seized $788. Plaintiff verbally contested that he had done nothing wrong to be handcuffed and searched and demanded that Defendant Brown remove the handcuffs let him go on his way. Defendant Brown instead placed Plaintiff in the back of a police vehicle and transported Plaintiff to the Vallejo Police station where Plaintiff was left in too tight

handcuff's for approximately one hour. Plaintiff requested several times that the handcuffs be loosened but Defendant Brown failed and/or refused to remove or loosen the handcuffs resulting pain and numbness for over approximately three weeks subsequent to the police encounter. Plaintiff was released by citation for a violation of § 11532 (a) of the Health & Safety Code. The Solano County District Attorney's Office declined to file charges due to insufficient evidence.

Plaintiff is a member of a group of people and associate with City of Vallejo residents who have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive use of force by Vallejo Police Officers. Group members are the following:

1. Alfred James Foy currently litigating claims against City of Vallejo, Vallejo Police Officers J. Bauer, J. Huff, S. Yates, J. Whitney, and Fairfield Police Officer J. Williams in Foy v. City of Vallejo, 2:11-cv-03262 MCE-CMK, et., al., alleging officers deployed his taser in dart mode into plaintiff's arm while in a prone position, mauled by police dog, kicked and beat Plaintiff with baton and/or flashlight resulting in Foy receiving approximately 17 staples in the crown of his head, a broke jaw, a broke ankle, knocked unconscious and other injuries.

2. Frederick Marc Cooley, in pro se, settled claims against City of Vallejo, Vallejo Police Officers Eric Jensen and Sean Kenney in Cooley v. City of Vallejo, et., al., 2:12-cv-00591-LKK-AC, alleging officers beat Cooley with a flashlight breaking his hand and other injuries.

3. David Michael Capenhurst, in pro se, settled claims against City of Vallejo Police Officers Eric Jensen and Steven Fowler in Capenhurst v. City of Vallejo, et., al., 2:13-cv-01371-LKK-AC, alleging while Plaintiff was handcuffed and with provocation

1  Jensen struck Capenhurst in his head with a flashlight resulting in him receiving
2  approximately 5 staples in his head.

4. Anthony Tyrone Garrison currently litigating claims against City of Vallejo, Vallejo Police Officers Bautista in Garrison v. City of Vallejo, et., al., 2:13-cv-00479-JAM-KJN alleging Bautista kicked Plaintiff in the face while he lay down on the ground in a prone position.

5. Tyrone Jerome Hicks currently litigating claims against City of Vallejo, Vallejo Police Officers Sean Kenney and Postolaki in Hicks v. City of Vallejo, et., al., 2:14-cv-0669-LKK-DAD, alleging that officer Kenney choked and restrained Plaintiff in to tight handcuffs, unlawfully arrested him, unlawfully impounded his vehicle and initiated a malicious prosecution against him and Postolaki failed to intercede.

6. Leon Jerome Martin currently litigating claims against City of Vallejo, Vallejo Police Officers P. Messina, T. Agustin, J. Huff and J. Bauer in Martin v. City of Vallejo, et., al., 2:14-cv-0554-JAM-DAD, alleging that officer P. Messina without warning deployed his taser in "dart mode" into Plaintiff's person, sprayed pepper spray into Plaintiff's face, released a K-9 onto Plaintiff's person mauling him in the face and body and beat Plaintiff with a flashlight. Officers T. Agustin, J. Huff and J. Bauer all punched and kicked Plaintiff while he was in a prone position.

7. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officers Brett Clark and Dustin Joseph in Cooley v. City of Vallejo, et., al., 2:14-cv-00620-TLN-KJN, alleging that Defendant Joseph without warning intentionally deployed his taser in "dart mode" into Plaintiff forehead inches away from his right eye.

8. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officer William Badour in Cooley v. City of Vallejo, et., al., 2:14-cv-00241-MCE-DAD, alleging that Defendant Badour placed Plaintiff in handcuffs extremely tight and refused to loosen the handcuffs after Plaintiff complained for approximately one hour.

9. Latasha Nicole Creer currently litigating claims against City of Valljeo Police Officers Knight, Long, Martinez, and Does 1-20, in Creer v. City of Vallejo, et., al., 2:14-cv-1428-JAM-DAD, alleging that she was illegally detained and subjected to excessive force when officers detained her without reasonable suspicion or probable cause to detain her at gun point.

10. Christopher White, Zerita White, G'Shelle White and Dantrell Stevens currently litigating claims against City of Vallejo Police Officers Knight, Long, Martinez, and Does 1-20, in White, et., al. v. City of Vallejo, et., al., 2:14-cv-1603-MCE-DAD, alleging that Plaintiffs were illegally detained, searched, and subjected to excessive force without reasonable suspicion or probable cause to detain them at gun point.

In each of these cases, Frederick Marc Cooley is not a licensed attorney but he provides legal assistance that consist of but is not limited to researching case law, rules of the Court etc.., preparing and filing court documents, preparing and filing court documents, preparing legal correspondence, assisting in the discovery process, assisting in identifying discovery discrepancies, assisting during conferences between parties and the court and assisting during any trial or hearing set by the court. Plaintiff and his legal assist are engaging in "expressive association" protected by the First Amendment of the United States Constitution. See NAACP v. Button, 371 U.S. 415 (1963); Boy Scouts of America v. Dale, 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d 527; Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013).

On August 23, 2013, Vallejo Police Officers Eric Jensen and Jason Potts were found liable in § 1983 action entitled Deocampo , et., al., v. Potts, et., al., 2:06:0283-WBS-CMK, for subjecting Deocampo to the use unnecessary and excessive force resulting in a monetary jury award.

In consideration of the totality of information, Plaintiff's personal experience and associations, Plaintiff believes and intends to prove that the City of Vallejo has a longstanding practice, pattern, policy or custom of allowing Vallejo Police Officers to use excessive and/deadly force.  Plaintiff further believes and intends to prove that City Police officers have injured and killed numerous citizens in 2001-2013 and none of the officers involved have been disciplined or retrained.  Plaintiff also believes and intends to prove that members of the Vallejo Police Department, including Defendant Jodi Brown has engaged in a repeated practice of unreasonably detaining and using excessive and/or deadly force against individuals including plaintiff.  As a matter of official policy "rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Vallejo, the City of Vallejo has allowed its citizens to be abused by police officers. Moreover, Defendant Jodi Brown actions reflect a municipal practice, pattern, policy or custom.

At all times mentioned Defendant Jodi Brown was employed as a Vallejo Police Officer and acting under the color of state law and is liable in her individual capacity.

Defendant City of Vallejo is the employer of Defendant Jodi Brown at all times mentioned is liable in its official capacity.

## RELIEF

Plaintiff is seeking compensatory and punitive damages. He is also seeking damages for emotional distress, intentional infliction of emotion distress and demands a jury trial. Therefore, Plaintiff will be requesting that the court allow him to litigate his claims under California state and federal law.

Date 3-30-15

_____
PLAINTIFF

## DECLARATION

I declare under penalty of under the laws of the United States of America that the foregoing statements are true and correct.

Date 3-30-15

_____
DECLARANT