UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-01749-JAM-AC<br><br><br>ORDER |

On August 26, 2015, the court held a hearing on both parties' motions to compel and plaintiff's "motion requesting that . . . Frederick 'Marc' Cooley be included as a person listed in the protective order." ECF Nos. 22, 23, 25. Plaintiff appeared in pro per and Furah Faruqui appeared on behalf of defendants City of Vallejo and Officer Jodi Brown. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL BACKGROUND

Plaintiff alleges that on April 3, 2014, at approximately 4:00 p.m., he was visiting his friend Patricia Nuttall at her home in Vallejo. ECF No. 15 at 2. Later on, as plaintiff was leaving, several Vallejo Police Department vehicles arrived. Id. One of the officers on the scene was defendant Officer Jodi Brown, who ordered plaintiff to stop. Id. Plaintiff complied with Officer Brown's order, and was subsequently placed in tight handcuffs. Id. Plaintiff asked
1

1   Officer Brown to loosen his handcuffs, but she ignored him.  Id.  Officer Brown then searched
2   plaintiff's pockets and found $788, which she confiscated.  Id.  Officer Brown forced plaintiff
3   into a police vehicle and transported him to the Vallejo Police Department, where he was left in
4   tight handcuffs for approximately an hour.  Id.  Plaintiff asked Officer Brown to loosen his
5   handcuffs several times, but she refused.  Id.  As a result of Officer Brown's treatment of
6   plaintiff, he suffered pain and numbness for approximately three weeks.  Id. at 3.  Plaintiff was
7   released, perhaps after an hour but he does not specify, and given a citation for violation of
8   California Health and Safety Code § 11532(a).[1]  Id.

Plaintiff claims that Officer Brown violated his Fourth Amendment right to freedom from unreasonable searches and seizures because she did not have probable cause to either arrest or search him.  Id. at 1.  Plaintiff also claims that by keeping him in tight handcuffs Officer Brown used excessive force in violation of the Fourth Amendment.  Id.  Finally, plaintiff claims that the Vallejo Police Department violated his Fourth Amendment rights under Monell because it has a policy, practice, or custom, of allowing excessive force.  Id. at 2.

PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on July 24, 2014.  On November 13, 2014, defendants filed an answer.  ECF No. 9.  Both plaintiff and defendants then filed status reports ahead of the court's March 4, 2015, status conference.  ECF Nos. 10, 11, 12.  On March 5, 2015, the court issued its scheduling order in this matter.  ECF No. 13.  On April 3, 2015, plaintiff filed a motion for leave to amend and a proposed amended complaint.  ECF Nos. 14, 15.  The court granted plaintiff's motion on April 24, 2015.[2]  ECF No. 17.

---

[1]  Cal. Health & Safety Code § 11532(a) states that:

> It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent to commit an offense specified in Chapter 6 (commencing with Section 11350) and Chapter 6.5 (commencing with Section 11400).

[2]  Defendants have yet to file an answer to plaintiff's amended complaint, although presumably they mean to rely upon their original answer in light of the fact that the amended complaint and original complaint are substantially similar.

1        Plaintiff filed motions to compel and to include Frederick "Marc" Cooley in the protective
2   order on June 10, 2015.  ECF Nos. 19, 20.  Plaintiff then filed amended motions pursuant to the
3   court's order on June 26, 2015.  ECF Nos. 22, 23.  On July 20, 2015, defendants filed a motion to
4   compel responses to their own discovery requests.  ECF Nos. 25, 26.  Two days later, plaintiff
5   filed an opposition to defendants' motion to compel claiming he never received defendants'
6   discovery requests.  ECF No. 32.  Then, on July 23, 2015, defendants filed an opposition to
7   plaintiff's motion to compel claiming that plaintiff's discovery requests were overbroad,
8   irrelevant, and unduly burdensome.  ECF Nos. 27, 29.  Defendants also filed an opposition to
9   plaintiff's protective order motion, asserting that Mr. Cooley should not be permitted to view
10  documents subject to any protective order because he is engaged in the unauthorized practice of
11  law.[3]  ECF No. 28.
12       On July 29, 2015, the court struck the parties' oppositions and instructed them to file a
13  joint statement in accordance with Local Rule 251(c).  ECF No. 34.  Then, on August 6, 2015,
14  defendants' counsel filed affidavits attesting that plaintiff had stormed out of his office during an
15  attempt to meet and confer.  ECF Nos. 35, 36.  Based on this allegation the court found that there
16  had been a breakdown in communication and that further meet and confer efforts on this issue
17  would likely be futile.  ECF No. 37.  Accordingly, the court reinstated the parties' oppositions
18  and instructed them to file optional replies no later than two days prior to the August 26, 2015
19  hearing.  Id.  On August 12, 2015, defendants filed a reply to plaintiff's opposition.  ECF No. 38.
20  On August 25, 2015, plaintiff filed replies to defendants' oppositions.  ECF Nos. 39, 40.  On
21  September 28, 2015, plaintiff filed a motion for reconsideration based on the erroneous

---

[3] In support of their opposition defendants filed a request for judicial notice of the following documents: (1) an abstract of the judgment in People v. Cooley, Case No. VCR214659 (Solano Cnty. Super. Ct.), and (2) plaintiff's civil complaint for breach of contract in Cooley v. Capenhurst, Case No. FCS043739 (Solano Cnty. Super. Ct.).  ECF No. 30.  Under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The filings attached to defendants' request for judicial notice can be determined "from sources whose accuracy cannot reasonably be questioned."  Id.  Accordingly, the court hereby grants defendants' request for judicial notice.

understanding that the court had already issued an order disposing of his motion to compel. ECF No. 45. The court will deny the motion without prejudice as premature.

DISCOVERY DISPUTE

Plaintiff served his first request for production of documents on March 30, 2015. ECF No. 23 at 2. Defendants provided objections on April 29, 2015. Id. Plaintiff requests that the court compel defendants to supply responsive documents to the following requests for production:

> **Request No. 1:** Please provide any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to Citizen Complaints and/or Civil lawsuits made against any and all Vallejo, Police Officers concerning excessive force that has occurred within the last fourteen (14) years.
>
> **Response to Request No. 1:** Responding party requests to this request as it is vague and overbroad in scope. Thus [sic] it seeks information not reasonably calculated to lead to admissible evidence. Specifically, this case involves the alleged use of "too-tight handcuffs." These facts are unique and thus Plaintiff's request for all complaints about excessive force of any and all City of Vallejo Police Officers for a period of fourteen years prior to the filing of this action, is thus overbroad and not specific.
>
> Finally, Defendant objects to this request as it seeks to invade the right to privacy of Vallejo Police Officers without cause or justification. The requested information is subject to the official information privilege as the information sought was gathered in the course of investigations by the Vallejo Police Department. (See Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987) and the California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain Sidney De Jesus served herewith.)

ECF No. 23 at 2–3.[4]

On April 24, 2015, defendants served written interrogatories and requests for production upon plaintiff. ECF No. 25 at 2. Plaintiff never responded to defendants' discovery requests. Id. Then, on June 2, 2015, defendants sent a meet and confer letter to plaintiff requesting that he

---

[4] Plaintiff also asks the court to compel defendants to respond to his second request, which is exactly the same except it seeks documents concerning complaints of *lethal force* instead of *excessive force*. See ECF No. 23 at 5–6.

4

respond to their discovery requests by June 12, 2015, but again, plaintiff never responded. Id.

Defendants' first set of interrogatories include the following:

> **INTERROGATORY NO. 1:** Please state any and all facts you possess regarding the alleged misconduct of Defendant JODI BROWN on the night of the subject INCIDENT.
>
> **INTERROGATORY NO. 2:** Please state any and all witnesses with knowledge regarding the alleged misconduct of Defendant JODI BROWN on the night of the subject INCIDENT.
>
> **INTERROGATORY NO. 3:** Please describe any and all documents you possess regarding the alleged misconduct of Defendant JODI BROWN on the night of the subject INCIDENT.
>
> **INTERROGATORY NO. 4:** Itemize (name of provider, date of service) each medical expense which you or anyone acting on your behalf is claiming as damages arising out of the subject INCIDENT.
>
> **INTERROGATORY NO. 5:** Please state the amount actually accepted as full payment by each of your medical providers for the expenses incurred by you as a result of the subject INCIDENT.
>
> **INTERROGATORY NO. 6:** Please IDENTIFY the HEALTH CARE PROVIDER (i.e., Medicare, Medi-Cal) that made the payments identified in response to Interrogatory Nos. 4 & 5.
>
> **INTERROGATORY NO. 7:** Did you receive Medicare benefits for any of the injuries that you are claiming as a result of the subject INCIDENT.
>
> **INTERROGATORY NO. 8:** Please state the claim number issued by Medicare for any Medicare benefits you received as a result of your injuries sustained in the subject INCIDENT.
>
> **INTERROGATORY NO. 9:** Please state the name, address, and telephone number of any individual(s) at Medicare that you have dealt with regarding Medicare benefits that you received as a result of your injuries sustained in the subject INCIDENT.
>
> **INTERROGATORY NO. 10:** If you received any Medicare benefits as a result of your injuries sustained in the subject INCIENT, what is the total amount of Medicare benefits received to date.
>
> **INTERROGATORY NO. 11:** Have you placed [sic] Medicare on notice of this subject lawsuit?
>
> **INTERROGATORY NO. 12:** Do you attribute any loss of income or earning capacity to the subject INCIDENT? (If your [sic] answer is "no," do not answer interrogatories 13 through 19).

**INTERROGATORY NO. 13:** Please state: (a) the nature of your work; (b) your job title at the time of the subject INCIDENT; and (c) the date your employment began.

**INTERROGATORY NO. 14:** Please state the last date before the subject INCIDENT that you worked for compensation.

**INTERROGATORY NO. 15:** Please state your monthly income at the time of the subject INCIDENT and how the amount was calculated.

**INTERROGATORY NO. 16:** Please state the date you returned to work at each place of employment following the subject INCIDENT.

**INTERROGATORY NO. 17:** Please state the dates you did not work and for which you lost income as a result of the subject incident.

**INTERROGATORY NO. 18:** State the total income you have lost to date as a result of the subject INCIDENT and how the amount was calculated.

**INTERROGATORY NO. 19:** Will you lose income in the future as a result of the subject INCIDENT? If so, please state: (a) the facts upon which you base this contention; (b) an estimate of the amount; (c) an estimate of how long you will be unable to work; and (d) how the claim for future income is calculated.

ECF No. 26 at 5–7. Defendants' first set of requests for production included the following:

**REQUEST NO. 1:** Please produce any and all documents you possess regarding the alleged misconduct of Defendant JODI BROWN on the night of the subject INCIDENT.

**REQUEST NO. 2:** Please produce any and all statements of witnesses with knowledge regarding the alleged misconduct of Defendant JODI BROWN on the night of the subject INCIDENT.

**REQUEST NO. 3:** Please produce any and all documents reflecting injuries you claim to have sustained due to the subject INCIDENT.

**REQUEST NO. 4:** Please produce any and all documents reflecting medical expenses you claim to have incurred due to the subject INCIDENT.

**REQUEST NO. 5:** Please produce any and all documents reflecting lost earning you claim to have incurred due to the subject INCIDENT.

Id. at 13–14.

LEGAL STANDARDS

I.     <u>Discovery</u>

Under Federal Rule of Civil Procedure 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.[5]  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).  "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D. Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents." <u>Clark</u>, 81 F.R.D. at 472.  Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(i).

Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  A party is obligated to respond to the fullest extent possible and state any objections with specificity. Fed. R. Civ. P. 33(b)(3), (b)(4).  While extensive research is not required, a reasonable effort to respond must be made. <u>L.H. v.</u>

---

[5] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

7

1  Schwarzenegger, 2007 U.S. Dist. LEXIS 73752, at *9 (E.D. Cal. Sept. 21, 2007).  In a motion to
2  compel, the moving party bears the burden of showing why the other party's responses are
3  inadequate or their objections unjustified.  See, e.g., Ellis v. Cambra, 2008 U.S. Dist. LEXIS
4  24418, at *2 (E.D. Cal. Mar. 27, 2008).  A district court has broad discretion in deciding whether
5  to require answers to interrogatories.  See 8A Wright, Miller & Marcus, Federal Practice &
6  Procedure § 2176 at 311 & n. 1 (Civil 2d ed. 1994).

7  II.     Motion to Compel

8  Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an
9  order compelling responses when an opposing party has failed to respond or has provided evasive
10 or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure,
11 answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P.
12 37(a)(4).  "It is well established that a failure to object to discovery requests within the time
13 required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants,
14 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.
15 1981)).  "The party who resists discovery has the burden to show discovery should not be
16 allowed, and has the burden of clarifying, explaining, and supporting its objections."
17 Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

18                                        DISCUSSION

19 I.      Production of Excessive Force Complaints

20       A.      Overbroad/Irrelevant

21 Defendants argue that plaintiff's document requests are overbroad and seek irrelevant
22 information because they are not limited to complaints of excessive force involving injury from
23 tight handcuffs.  Plaintiff's complaint alleges that the Vallejo Police Department has a policy,
24 practice, or custom of allowing excessive force, and that this policy led to Officer Brown placing
25 plaintiff in excessively tight handcuffs.  Excessive force complaints against the Vallejo Police
26 Department and related documents are clearly relevant to establishing that such a policy exists.
27 See, e.g., Duenez v. City of Manteca, No. 2:11-CV-1820 LKK AC, 2013 U.S. Dist. LEXIS
28 24954, at *10-11 (E.D. Cal. Feb. 22, 2013) ("Documents that are a part of the personnel records

of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery.") (citing Soto v. City of Concord, 162 F.R.D. 603, 614–15 (N.D. Cal. 1995)). Relevant information is not limited to complaints regarding handcuffs. Accordingly, defendants' relevance and overbreadth arguments go too far.

However, as the court explained at the hearing, plaintiff's requests are overbroad in other ways. First, the complaint does not include allegations of lethal force. The Ninth Circuit defines lethal force as force that creates a substantial risk of causing death or serious bodily injury. Smith v. City of Hemet, 394 F.3d 689, 706 (9th Cir. 2005). Plaintiff alleges that Officer Brown placed him in excessively tight handcuffs for approximately an hour. ECF No. 15 at 2. Documents related to the use of lethal are irrelevant to plaintiff's claims. Second, plaintiff seeks all reports, memoranda, and other "tangible things" that relate to any and all excessive force complaints filed with the department in the past fourteen (14) years. A ten year relevance horizon is more appropriate. Accordingly, the court will order defendants to produce all complaints of non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody filed within the last ten years.

   B.  The Official Information Privilege

Defendants also argue that the records at issue are subject to the official information privilege; however, they have plainly failed to meet its standard. The official information privilege is a qualified one that "must be formally asserted and delineated in order to be raised properly." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) aff'd, 426 U.S. 394 (1976). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto, 162 F.R.D. at 613.

> The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection

> of how much harm would be done to the threatened interests if disclosure were made.

Id. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992). "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue." Soto, 162 F.R.D. at 613. If the threshold burden is met, the court will order an in camera review and balance each parties' interests. Id.

In support of their opposition defendants have submitted the affidavit of Acting Captain Sidney DeJesus, who oversees all aspects of the internal affairs of the Vallejo Police Department, including citizen complaints, and civil complaints against officers and the department. ECF No. 29 at 4–6. According to Officer DeJesus, the documents plaintiff requests include departmental and civil complaints relating to Officer Brown. Id. These complaints include internal affairs materials, personnel records, and "other confidential and privileged materials." Id. Personnel files in particular contain performance evaluations, training history, medical information, personal identifying information, and other internal affairs documents. Id. Officer DeJesus asserts that the requested documents cannot be produced because they are protected by privacy rights granted by the California Constitution. Id. Further, Officer DeJesus states that a protective order in this matter would be insufficient because plaintiff is being assisted by Mr. Cooley. Id. Officer DeJesus believes that if the requested documents are produced it is inevitable that they would be shared with those plaintiffs Mr. Cooley is assisting in other cases. Id. In addition, Officer DeJesus argues that producing internal affairs documents would chill open discussion amongst investigators seeking to improve the department's operations. Id. Finally, Officer DeJesus argues that some of the requested documents relate to ongoing investigations and that their disclosure would jeopardize the investigations. Id. In the alternative, defendants request that the requested documents be produced subject to a protective order. Id.

Officer DeJesus' arguments are plainly insufficient to satisfy the requirements of the

1  official information privilege. First, Officer DeJesus never explicitly states, as he is required to,
2  that he has personally reviewed the material in question. Instead, Officer DeJesus asserts in a
3  more general sense that the documents requested by plaintiff contain sensitive information that
4  should not be revealed to anyone outside the department. In addition, Officer DeJesus' argument
5  as to why a protective order is insufficient fails. Officer DeJesus states that a protective order
6  would be insufficient because plaintiff will invariably share the information with Mr. Cooley,
7  who in turn will share the information with plaintiffs he is assisting in other matters. Defendants
8  offer no evidence to support the contention that plaintiff cannot be trusted to abide by the terms of
9  a protective order.[6] Finally, Officer DeJesus does not include a projection of how much harm
10 would be done to the police department's interests if the requested documents were produced.
11 Accordingly, the court finds that the documents requested by plaintiff are not subject to the
12 official information privilege.
13     Nevertheless, some of the above information is sensitive and private, and accordingly
14 should not be disclosed in the absence of a protective order. For example, private information in
15 Officer Brown's personnel records, including her home address, telephone number, social
16 security number, and personal job history should be redacted. In addition, some internal affairs
17 materials such as use of force tactics and other private officer information could constitute
18 documents responsive to plaintiff's requests. See, e.g., Soto, 162 F.R.D. at 614 (collecting cases
19 endorsing the use of carefully crafted protective orders to prevent the harmful disclosure of
20 internal affairs materials). Accordingly, the court will order defendants to produce documents
21 responsive to plaintiff's request for production number one, as modified pursuant to this order,
22 within thirty days of the issuing of a protective order in this matter.
23 II.    Defendants' Discovery Requests
24     The court will grant defendants' motion to compel because plaintiff has failed to timely

---

[6] Counsel for defendants did claim at the hearing that Mr. Cooley has, in the past, shared information subject to a protective order with the media. Such conduct would obviously be sanctionable. However, defendants did not raise this incident in their papers, nor provide any evidence. Even if defendants had raised this issue in their papers, it does not support their contention that *plaintiff* cannot be trusted to abide by a protective order that may or may not allow Mr. Cooley access to produced documents.

1    respond to defendants' discovery requests.  Plaintiff concedes that he has failed to respond to
2    defendants' discovery requests; however, he asks that the court not grant defendants' motion to
3    compel because he never received defendants' interrogatories, requests for production, or meet
4    and confer letter.  It is undisputed that defendants properly served plaintiff under the Federal
5    Rules.  See Fed. R. Civ. P. 5(b); ECF No. 26 at 8–9, 15–16 (proofs of service).  As the court
6    explained to plaintiff at the hearing, he must be diligent in pursuing discovery in this matter.  See
7    Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) (noting that parties have a duty to diligently
8    pursue discovery).  His mailing address must be up to date, and he must keep track of any
9    discovery requests he receives.  Local Rule 182(f).  As long as defendants properly serve plaintiff
10   in accordance with the Federal Rules, the court is required to treat plaintiff as if he received the
11   correspondence in question.  Defendants' discovery requests seek information that is relevant to
12   plaintiff's claims, including the contact information of witnesses to plaintiff's arrest, medical
13   records related to his injuries, how any hospital bills were paid for, and whether he missed any
14   work due to his injuries.  See ECF No. 26 at 5–7, 13–14.  Accordingly, the court will grant
15   defendants' motion to compel responses to their interrogatories and requests for production.

16           Defendants also request that the court grant them attorney's fees in the amount of $2,200.
17   In accordance with Federal Rule of Civil Procedure 37(a)(5)(A), the court must direct the party
18   necessitating the motion to compel to pay the moving party's expenses unless failure to respond
19   was "substantially justified" or other circumstances would make an award "unjust."  "The test for
20   substantial justification is one of reasonableness."  United States v. First Nat. Bank of Circle, 732
21   F.2d 1444, 1447 (9th Cir. 1984).  Plaintiff states that Mr. Cooley has been checking his mail for
22   him, and that if he had received the discovery requests he would have responded.  To the extent
23   that plaintiff is attempting to excuse his failure to respond by stating that he trusted Mr. Cooley to
24   check his mail, that excuse does not constitute substantial justification.  Plaintiff has a duty to
25   diligently pursue this matter, and that includes checking his own mail.  Plaintiff cannot effectively
26   ignore that duty by allocating all responsibility for monitoring his case to another individual who
27   is not his attorney.  Nevertheless, the court will deny defendants' request for attorneys' fees in
28   light of plaintiff's pro se status, his apparent lack of bad faith, and the fact that this is plaintiff's

first failure to respond. If plaintiff neglects to respond to defendants' discovery requests a *second* time, the court will grant sanctions in the amount of the attorney's fees required to pursue any motion to compel.

III.     Plaintiff's Request that Mr. Cooley Be Included in the Protective Order

The court will deny plaintiff's motion to include Mr. Cooley in the protective order because it is premature. As the court explained at the hearing, plaintiff's motion is premature because the court has yet to issue a protective order in this case. However a protective order will be necessary. Accordingly, the court will order defendants to submit a proposed protective order within thirty days of the service of this order. Once defendants have submitted a protective order, plaintiff will have fourteen days to file objections, pointing to specific paragraphs and proposing substitutions.

## CONCLUSION

In accordance with the above, THE COURT HEREBY ORDERS that:

1. Plaintiff's motion to compel, ECF No. 23, is GRANTED IN PART. Defendants must produce all documents related to excessive force complaints involving conduct alleged to have occurred while an arrestee was in police custody filed within the last ten years;

2. Defendants' motion to compel, ECF No. 25, is GRANTED;

3. Plaintiff's motion to include Mr. Cooley in the protective order, ECF No. 22, is DENIED;

4. Defendants must submit a proposed protective order within thirty (30) days of the service of this order. Plaintiff may then file objections within fourteen (14) days of the filing of the proposed order. Those objections must point to specific provisions of the proposed order, explain why they are insufficient, and propose substitutions to the extent they are necessary; and

5. Plaintiff's motion for reconsideration, ECF No. 45, is DENIED without prejudice as premature.

DATED: September 28, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE