UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-01749-JAM-AC<br><br><br>ORDER |

On November 18, 2015, the court held a hearing on plaintiff Deshawn Cathey's motion for reconsideration of the court's September 29, 2015 order granting in part and denying in part plaintiff's motion to compel. Plaintiff appeared telephonically in pro se, and Furah Z. Faruqui appeared on behalf of defendants City of Vallejo and Officer Jodi Brown. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on April 3, 2014, at approximately 4:00 p.m., he was visiting his friend Patricia Nuttall at her home in Vallejo. ECF No. 15 at 2. Later on, as plaintiff was leaving, several Vallejo Police Department vehicles arrived. Id. One of the officers on the scene was defendant Officer Jodi Brown, who ordered plaintiff to stop. Id. Plaintiff complied with Officer Brown's order, and was subsequently placed in tight handcuffs. Id. Plaintiff asked

Officer Brown to loosen his handcuffs, but she ignored him.  Id.  Officer Brown then searched plaintiff's pockets and found $788, which she confiscated.  Id.  Officer Brown forced plaintiff into a police vehicle and transported him to the Vallejo Police Department, where he was left in tight handcuffs for approximately an hour.  Id.  Plaintiff asked Officer Brown to loosen his handcuffs several times, but she refused.  Id.  As a result of Officer Brown's treatment of plaintiff, he suffered pain and numbness (presumably in his wrists) for approximately three weeks.  Id. at 3.  Plaintiff was released, perhaps after an hour but he does not specify, and given a citation for violation of California Health and Safety Code § 11532(a).[1]  Id.

Plaintiff claims that Officer Brown violated his Fourth Amendment right to freedom from unreasonable searches and seizures because she did not have probable cause to either arrest or search him.  Id. at 1.  Plaintiff also claims that by keeping him in tight handcuffs Officer Brown used excessive force in violation of the Fourth Amendment.  Id.  Finally, plaintiff claims that the Vallejo Police Department violated his Fourth Amendment rights under Monell because it has a policy, practice, or custom, of allowing excessive force.  Id. at 2.

Plaintiff filed his original complaint on July 24, 2014, along with a motion to proceed in forma pauperis. ECF Nos. 1, 2.  On September 10, 2014, the court granted plaintiff's in forma pauperis application.  ECF No. 3.  On November 13, 2014, defendants filed an answer.  ECF No. 9.  Both parties then filed status reports ahead of the court's March 4, 2015, status conference. ECF Nos. 10, 11, 12.  On March 5, 2015, the court issued its scheduling order in this matter. ECF No. 13.  On April 3, 2015, plaintiff filed a motion for leave to amend and a proposed amended complaint.  ECF Nos. 14, 15.  The court granted plaintiff's motion on April 24, 2015. ECF No. 17.

Plaintiff filed a motion to compel responses to his discovery requests on June 10, 2015.

---

[1]      It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent to commit an offense specified in Chapter 6 (commencing with Section 11350) and Chapter 6.5 (commencing with Section 11400).

Cal. Health & Safety Code § 11532(a).

2

ECF No. 20.  Plaintiff then filed an amended motion pursuant to the court's order on June 26, 2015.  ECF Nos. 23. The court granted plaintiff's motion to compel in part on September 29, 2015, ordering defendants to produce all documents related to excessive force complaints involving conduct alleged to have occurred while an arrestee was in police custody filed within the last ten years.  ECF No. 46.  The court denied the motion to compel insofar as it sought documents related to incidents of lethal force.  Id.  On October 22, 2015, plaintiff filed a motion for reconsideration of the court's order, arguing that defendants should be required to produce complaints not only of excessive force but also of lethal force.  ECF No. 47.  On November 13, 2015, defendants filed an opposition to plaintiff's motion for reconsideration.  ECF No. 53.  On November 16, 2015, defendants filed an answer to plaintiff's amended complaint.  ECF No. 54.

## LEGAL STANDARDS

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did

not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

DISCUSSION

The court will deny plaintiff's motion for reconsideration because he does not present any new facts or circumstances or changes in the law meriting reconsideration. Plaintiff asserts the "Court's decision not to compel City Defendants to provide documents concerning 'Deadly Force' on the grounds that the Court did not believe the force used in this case was deadly, was clearly erroneous because the Court previously granted Plaintiff leave to file a second amended complaint alleging that the force used by Defendant Jodi Brown was not only excessive, but also was deadly."[2] ECF No. 47 at 3. In addition, plaintiff argues that the interests of justice require the court to reconsider its decision because he was not prepared to explain the relevance of complaints of deadly force at the hearing on the motion to compel. Id. At the court's hearing on plaintiff's motion for reconsideration, he argued that the tightness of the handcuffs created a significant risk of serious bodily injury, including permanent nerve damage. Plaintiff stated that his risk of serious injury was exacerbated by the fact that he had, at the time, recently undergone a heart bypass surgery, had been relegated to only light work by his physician, and had been taking blood thinners. When asked whether there was any reason he did not present this information in arguing his initial motion to compel, plaintiff gave no reason.

Plaintiff's arguments are unconvincing. First, the fact that the court granted plaintiff leave to amend his complaint to include claims of lethal force does not oblige it to grant motions to compel the production of documents relevant to those claims. The court does not give its seal of approval to allegations included in proposed amended complaints when it grants leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (noting the

---

[2] District judge review of magistrate judge orders is governed by the "clearly erroneous" standard. 28 U.S.C. § 636(b)(1)(A); see Local Rule 303 (providing for reconsideration of magistrate judge rulings by the district judge). Plaintiff's motion, however, expressly seeks reconsideration by the magistrate judge of her own prior ruling. See Local Rule 230(j). The "clearly erroneous" standard therefore does not apply. In any case, the prior ruling was not clearly erroneous.

1  Ninth Circuit's policy that leave to amend should be granted freely and with extreme liberality).
2  Second, the fact that plaintiff was unprepared to argue the relevance of lethal force complaints
3  during the hearing on his motion to dismiss does not merit reconsideration of his motion.  The
4  first (and only) burden of a party moving to compel discovery responses is to show that its
5  requests are relevant.  Fed. R. Civ. P. 26(b).

6       The court also finds that the facts concerning plaintiff's heart bypass surgery and his
7  alleged increased risk of bodily injury cannot justify the reconsideration of his motion to compel.
8  The fact that plaintiff had, at the time of the incident, recently had heart bypass surgery may
9  indeed have affected the risk of injury posed by placing him in tight handcuffs.  Plaintiff did not
10  articulate any reason, however, why such facts were not presented at the initial hearing on his
11  motion to compel.  See Local Rule 230(j) (requiring that parties moving for reconsideration show
12  "why the [new] facts or circumstances were not shown at the time of the prior motion).
13  Accordingly, the court finds that these newly presented facts cannot justify a reconsideration of
14  the motion.[3]

## CONCLUSION

16       Based on the foregoing, THE COURT HEREBY ORDERS that plaintiff's motion for
17  reconsideration, ECF No. 47, is hereby DENIED.

18  DATED:  November 23, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] To be clear, the court is not stating that such facts would have justified the compelled production of lethal force complaints.  The court simply finds that *even if* those facts were relevant, they do not justify reconsideration because they could have been presented in support of the motion to compel.