UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-01749-JAM-AC<br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is defendants' proposed protective order.

On August 26, 2015, the court held a hearing on motions to compel by both parties, along with plaintiff's self-styled motion to include Frederick "Marc" Cooley in a protective order. ECF No. 41. At that hearing, the court explained that it could not grant plaintiff's protective order motion because a protective order was not yet in place. Nevertheless, in light of the sensitive discoverable information in this matter, the court agreed that a protective order was warranted. Accordingly, in the court's September 29, 2015, order disposing of the parties' motions it instructed defendants to file a proposed protective order within thirty days. ECF No. 46. The court also instructed plaintiff to file his objections, if any, within fourteen days of the filing of the proposed protective order. Id. Once that protective order is in place defendants will have thirty days to respond to plaintiff's discovery requests. Id.

On October 28, 2015, defendants filed a proposed protective order and on November 10, 2015, plaintiff filed his objections. ECF Nos. 48, 49. Plaintiff objects to the proposed protective order on a number of grounds. First, plaintiff argues that defendants have not made a showing that a protective order is required. As plaintiff correctly points out, the moving party bears the burden to show good cause for issuance of a protective order. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 n.1 (9th Cir. 2002). However, plaintiff ignores the court's August 26, 2015 hearing and the instructions that followed, which explicitly included findings that a protective order was appropriate. ECF No. 46 at 11 ("[S]ome of the above information is sensitive and private, and accordingly should not be disclosed in the absence of a protective order."). Even if the court had not already made such a finding, it is well-settled that official police department records should be subject to a protective order to protect the privacy of the officers involved and prevent undue annoyance and embarrassment to the police department. See, e.g., Macias v. City of Clovis, No. 1:13-CV-01819-BAM, 2015 U.S. Dist. LEXIS 156106, at *17 (E.D. Cal. Nov. 18, 2015) (M.J. McAuliffe) (noting that courts routinely endorse the use of protective orders to prevent the disclosure of sensitive information in § 1983 actions based on allegations of excessive force).

Plaintiff also argues that the proposed protective order should allow him to share documents with Mr. Cooley, who has assisted him in the filing of his complaint and the ensuing litigation. Defendants, on the other hand, argued both at the court's August 26, 2015, hearing and in their papers that any protective order should *not* allow plaintiff to share protected documents with Mr. Cooley because Mr. Cooley cannot be trusted to keep these documents confidential. Mr. Cooley assists a number of other pro se plaintiffs in cases against the City of Vallejo, and defendants contend that he is likely to share whatever documents he receives with those plaintiffs.

In light of plaintiff's pro se status, the court finds it is appropriate to allow Mr. Cooley access to documents produced subject to the protective order. While Mr. Cooley's involvement in other cases may create a risk of unauthorized disclosure, that risk can be managed by the availability of sanctions for violation of the protective order. Accordingly, the court will include language in the protective order allowing plaintiff to designate one person with whom he can

share confidential documents, as long as that person agrees to be bound by the protective order and subject to this court's jurisdiction for purposes of enforcement of that order. Both plaintiff and Mr. Cooley are advised that if Mr. Cooley were to share confidential documents with even a single plaintiff in another case, both he and Mr. Cathey could be subject to monetary sanctions. Any violation of the protective order by Mr. Cooley could also result in him being precluded from further involvement in this and potentially other cases before this court. The court finds the availability of the foregoing sanctions sufficient at this time to ensure the confidentiality of protected documents.

Finally, plaintiff argues that he should not be required to seek the sealing of documents he wishes to file with the court which have been deemed confidential pursuant to the protective order. The court agrees. Defendants' proposed protective order includes a provision requiring plaintiff to move to seal any protected document that he wishes to file with this court. As plaintiff points out, it is not appropriate to require him to move for the sealing of documents that he does not believe should be under seal. Accordingly, the court will adopt a provision similar to that ordered in Cooley v. Vallejo, 2:12-cv-00591 LKK AC, at ECF No. 54, requiring that any party wishing to file confidential discovery documents provide advance notice to all parties. Any party wishing the material to be filed under seal can then make the appropriate request.

For the reasons stated above, and good cause appearing, the court adopts a modified version of the defendants' proposed protective order, as follows:

1. In order to protect the confidentiality of the records described below, the following discovery materials are to be disclosed pursuant to protective order and designated as "Confidential Material":

    Vallejo Police Department Internal Affairs records regarding complaints of non-lethal excessive force, including conduct alleged to have occurred while an arrestee was in police custody, investigation thereof and official resolution from March 2005 through March 2015.

2. Confidential Material may not be disclosed except as set forth in paragraphs 3–7.
3. Prior to the release of Confidential Material, defendants shall redact any birth dates,

1     Social Security numbers, driver's license numbers and home addresses.

2   4. Confidential Material may be disclosed only to the following persons:

3       a. Counsel for any party to this action;

4       b. Paralegal, stenographic, clerical and secretarial personnel regularly employed

5         by counsel referred to in 4(a);

6       c. One designee of the pro se plaintiff, if plaintiff deems the disclosure necessary

7         to aid plaintiff's prosecution of the case.  No Confidential Material shall be

8         disclosed to this designee unless and until (1) the designee completes the

9         ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND that is attached

10         to this Protective Order as EXHIBIT A; AND plaintiff files a copy of the

11         completed ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

12         with the Court;

13       d. Court personnel including stenographic reporters engaged in such proceedings

14         as are necessarily incidental to preparation for the trial of this action;

15       e. Any outside expert or consultant retained in connection with this action and not

16         otherwise employed by either party;

17       f. Any "in house" expert designated by Defendant to testify at trial in this matter;

18       g. Witnesses, other than the Plaintiff herein, who may have the documents

19         disclosed to them during deposition proceedings; the witnesses may not leave

20         the depositions with copies of the documents, and shall be bound by the

21         provisions of paragraph 5;

22       h. Any neutral evaluator or other designated ADR provider;

23       i. Parties to this action; and

24       j. The jury, should this matter go to trial.

25   5. Each person to whom disclosure is made, with the exception of counsel who are

26     presumed to know of the contents of this protective order, shall, prior to disclosure:

27     (1) be provided with a copy of this order by the person furnishing him/her such

28     material, and (2) agree on the record or in writing that she/he has read the protective

order and that she/he understand the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order.  Defendants City of Vallejo and the named Defendants herein shall be entitled to retain possession of the original writings described above.  Nothing in this paragraph is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen.  Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

6. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to Defendants.

8. Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (defendants through their attorneys or plaintiff pro se), no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal.

9. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

10. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

11. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

12. Upon receipt of this Protective Order and disclosure of the Confidential Material it will be presumed that plaintiff knows of the contents of this Protective Order, understands the provisions of this Protective Order and consents to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.

13. Violation of the terms of this Protective Order may subject a party, or any non-party to whom disclosure is made pursuant to this protective order, to any and all permissible sanctions, including dismissal.

IT IS SO ORDERED.

DATED: December 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of <u>Deshawn Cathey v. City of Vallejo, et al.</u>, No. 2:14-cv-01749-JAM-AC.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____