UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY, | No. 2:14-cv-01749-JAM-AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

On January 6, 2016, the court held a hearing on plaintiff Deshawn Cathey's motion to re-open discovery. Plaintiff appeared in pro se and Kristen K. Preston appeared on behalf of defendants City of Vallejo and Officer Jodi Brown. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on April 3, 2014, at approximately 4:00 p.m., he was visiting his friend Patricia Nuttall at her home in Vallejo. ECF No. 15 at 2. Later on, as plaintiff was leaving, several Vallejo Police Department vehicles arrived. Id. One of the officers on the scene was defendant Officer Jodi Brown, who ordered plaintiff to stop. Id. Plaintiff complied with Officer Brown's order, and was subsequently placed in tight handcuffs. Id. Plaintiff asked Officer Brown to loosen his handcuffs, but she ignored him. Id. Officer Brown then searched

1

1  plaintiff's pockets and found $788, which she confiscated.  Id.  Officer Brown forced plaintiff
2  into a police vehicle and transported him to the Vallejo Police Department, where he was left in
3  tight handcuffs for approximately an hour.  Id.  Plaintiff asked Officer Brown to loosen his
4  handcuffs several times, but she refused.  Id.  As a result of Officer Brown's treatment of
5  plaintiff, he suffered pain and numbness (presumably in his wrists) for approximately three
6  weeks.  Id. at 3.  Plaintiff was released, perhaps after an hour but he does not specify, and given a
7  citation for violation of California Health and Safety Code § 11532(a).[1]  Id.

8       Plaintiff claims that Officer Brown violated his Fourth Amendment right to freedom from
9  unreasonable searches and seizures because she did not have probable cause to either arrest or
10 search him.  Id. at 1.  Plaintiff also claims that by keeping him in tight handcuffs Officer Brown
11 used excessive force in violation of the Fourth Amendment.  Id.  Finally, plaintiff claims that the
12 Vallejo Police Department violated his Fourth Amendment rights under Monell because it has a
13 policy, practice, or custom, of allowing excessive force.  Id. at 2.

14      Plaintiff filed his original complaint on July 24, 2014, along with a motion to proceed in
15 forma pauperis.  ECF Nos. 1, 2.  On September 10, 2014, the court granted plaintiff's in forma
16 pauperis application.  ECF No. 3.  On November 13, 2014, defendants filed an answer.  ECF No.
17 9.  Both parties then filed status reports ahead of the court's March 4, 2015, status conference.
18 ECF Nos. 10, 11, 12.  On March 5, 2015, the court issued its scheduling order in this matter,
19 setting a discovery deadline of August 31, 2015.  ECF No. 13.

20      Plaintiff filed his first motion to compel responses to his discovery requests on June 10,
21 2015.  ECF No. 20.  Plaintiff then filed an amended motion pursuant to the court's order on June
22 26, 2015.  ECF Nos. 23.  On August 28, 2015, defendants filed a motion to modify the scheduling
23 order, ECF No. 42, which was followed by a similar motion by plaintiff on August 31, 2015, ECF

---

[1]     It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent to commit an offense specified in Chapter 6 (commencing with Section 11350) and Chapter 6.5 (commencing with Section 11400).

Cal. Health & Safety Code § 11532(a).

2

1    No. 43.  Defendants' motion asked the court to extend the parties' discovery deadline to
2    September 30, 2015, while plaintiff's motion asked the court to extend the deadline 120 days, to
3    December 29, 2015.  Id.  On September 15, 2015, the court granted defendants' motion and
4    granted plaintiff's motion in part, extending the discovery deadline to October 30, 2015.  ECF
5    No. 44.
6         The court then granted plaintiff's motion to compel in part on September 29, 2015,
7    ordering defendants to produce all documents related to excessive force complaints involving
8    conduct alleged to have occurred while an arrestee was in police custody filed within the last ten
9    years.  ECF No. 46.  On October 22, 2015, plaintiff filed a motion for reconsideration of the
10   court's order, which it denied on November 24, 2015.  ECF Nos. 47, 57.
11        On November 10, 2015, plaintiff filed a motion to compel discovery responses noticed for
12   hearing on December 2, 2015.  ECF No. 50.  Defendants then filed a motion for summary
13   judgment on November 13, 2015, noticed for hearing on December 16, 2015.  ECF No. 52.  On
14   November 23, 2015, defendants filed a motion seeking to continue the hearing on their motion for
15   summary judgment to February 3, 2016.  ECF No. 56.  The court granted defendants' motion on
16   November 30, 2015.  ECF No. 59.  In the same order, the court denied plaintiff's November 10,
17   2015, motion to compel in light of the fact that the deadline for discovery had already passed.  Id.
18        On December 11, 2015, plaintiff filed a motion seeking to re-open discovery to allow him
19   to obtain adequate responses to the discovery responses addressed in his most recent motion to
20   compel.  ECF No. 63.  Defendants filed an opposition to plaintiff's motion on December 22,
21   2015.  ECF No. 65.

## DISCUSSION

23        The court will grant plaintiff's motion to re-open discovery because plaintiff has diligently
24   pursued responses to his timely-propounded third set of requests for production.
25        Plaintiff states in his motion that he served his third set of requests for production upon
26   defendants on September 25, 2015.  ECF No. 63 at 2.  Plaintiff received responses from
27   defendants on an unspecified date and on October 23, 2015, emailed their attorney, Ms. Faruqui,
28   in order to schedule a time to meet and confer regarding their responses.  Id.  When Ms. Faruqui

1 did not respond to plaintiff's email immediately, he decided to show up at her office that same
2 day. Id. While at Ms. Faruqui's office plaintiff scheduled an October 28, 2015, meeting time
3 with her assistant. Id. On the day of the conference, plaintiff emailed Ms. Faruqui to let her
4 know that he would be calling her in order to meet and confer. Id. Ms. Faruqui responded to the
5 email and stated that the court required them to meet in person and as such, a telephone
6 conference would be insufficient.[2] Id. After discussing the matter over the phone, the parties
7 agreed to meet telephonically on November 3, 2015. Id. When plaintiff called Ms. Faruqui on
8 November 3, 2015, however, she insisted that the discovery deadline had already passed and she
9 would not produce documents responsive to his requests. Id. Defendants do not dispute these
10 facts.

11 Rule 16(b)(4) expressly states that "[a] schedule may be modified only for good cause and
12 with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard
13 primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth
14 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff argues that he diligently attempted
15 to meet and confer regarding defendants discovery responses, which he contends are insufficient.
16 Defendants, however, argue that plaintiff was not diligent in pursuing discovery, especially in
17 light of the fact that the court's discovery deadline has already been extended once. Defendants
18 also point out that when plaintiff initially emailed Ms. Faruqui on October 23, 2015, the
19 discovery deadline was only seven days away. Despite this fact, a review of the docket in this
20 case supports plaintiff's contention that he has been reasonably diligent for a pro se plaintiff. The
21 court extended its initial discovery deadline of August 31, 2015, to October 30, 2015, at the
22 request of both parties on September 15, 2015. ECF No. 44. Plaintiff served his third set of
23 requests for production upon defendants on September 25, 2015, and followed up seeking to meet
24 and confer approximately a month later. Such efforts are reasonably diligent in light of plaintiff's
25 pro se status.

26

---

27 [2] As the court noted at the hearing, this is not the case. The undersigned's standing order
specifically says that meet and confers cannot take place solely in writing, but they may be done
28 in person *or over the phone*.

As the undersigned explained at the hearing, plaintiff's motion will be granted for the limited purpose of permitting plaintiff to bring a motion to compel the responses to his requests for production that he previously sought by his November 10, 2015, motion. To that end, the court will extend the discovery deadline to January 22, 2016. Any motion to compel filed after that date will be denied for failure to comply with the court's order. Plaintiff may omit from his renewed motion any request that he feels is unnecessary, but he may not *add* to the requests addressed in his previous motion. Any discovery requests presented in a new motion that were not presented in plaintiff's November 10, 2015, motion will be disregarded. Plaintiff is encouraged to review Local Rule 251's meet and confer and joint statement requirements before filing any motion. Finally, as the undersigned indicated at the hearing, the court will vacate defendants' pending motion for summary judgment without prejudice to re-filing once plaintiff's motion to compel has been decided.

## CONCLUSION

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's motion to re-open discovery, ECF No. 63, is GRANTED for the limited purpose of adjudicating the discovery disputes previously presented in plaintiff's November 10, 2015, motion to compel;

2. Plaintiff must file a motion to compel, if any, that complies with this order by January 22, 2016;

3. Defendants' motion for summary judgment, ECF No. 52, is VACATED without prejudice;

4. The court's March 5, 2015, scheduling order is hereby amended as follows:

   i. All pretrial motions, other than motions to compel discovery, shall be filed and noticed so as to be heard on or before April 29, 2016;

   ii. The final pretrial conference is set before District Judge John A. Mendez on July 8, 2016, at 11:00 a.m. in Courtroom No. 6. Pretrial statements shall be filed in accordance with Local Rules 281, and the requirements set forth in the court's original scheduling order;

////

iii.  A jury trial is set to commence before District Judge John A. Mendez on August 29, 2016, at 9:00 a.m. in Courtroom No. 6.

DATED:  January 6, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE