UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-01749-JAM-AC<br><br><br>ORDER |

On February 24, 2016, the court held a hearing on plaintiff's motions to compel (ECF Nos. 75, 76) and defendants' motion for order prohibiting the unauthorized practice of law (ECF No. 81). Plaintiff appeared in pro se and Kristen K. Preston appeared on behalf of defendants City of Vallejo and Officer Jodi Brown. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that on April 3, 2014, at approximately 4:00 p.m., he was visiting his friend Patricia Nuttall at her home in Vallejo. ECF No. 15 at 2. Later on, as plaintiff was leaving, several Vallejo Police Department vehicles arrived. Id. One of the officers on the scene was defendant Officer Jodi Brown, who ordered plaintiff to stop. Id. Plaintiff complied with Officer Brown's order, and was subsequently placed in tight handcuffs. Id. Plaintiff asked

1  Officer Brown to loosen his handcuffs, but she ignored him.  Id.  Officer Brown then searched
2  plaintiff's pockets and found $788, which she confiscated.  Id.  Officer Brown forced plaintiff
3  into a police vehicle and transported him to the Vallejo Police Department, where he was left in
4  tight handcuffs for approximately an hour.  Id.  Plaintiff asked Officer Brown to loosen his
5  handcuffs several times, but she refused.  Id.  As a result of Officer Brown's treatment of
6  plaintiff, he suffered pain and numbness (presumably in his wrists) for approximately three
7  weeks.  Id. at 3.  Plaintiff was released, perhaps after an hour but he does not specify, and given a
8  citation for violation of California Health and Safety Code § 11532(a).[1]  Id.

9  Plaintiff claims that Officer Brown violated his Fourth Amendment right to freedom from
10 unreasonable searches and seizures because she did not have probable cause to either arrest or
11 search him.  Id. at 1.  Plaintiff also claims that by keeping him in tight handcuffs Officer Brown
12 used excessive force in violation of the Fourth Amendment.  Id.  Finally, plaintiff claims that the
13 Vallejo Police Department violated his Fourth Amendment rights under Monell because it has a
14 policy, practice, or custom, of allowing excessive force.  Id. at 2.

15                                  RELEVANT PROCEDURAL BACKGROUND
16 Plaintiff filed his original complaint on July 24, 2014, and defendants answered on
17 November 13, 2014.  ECF Nos. 1, 9.  The discovery deadline was initially set for August 31,
18 2015, and subsequently extended to October 30, 2015.  ECF Nos. 13, 44.
19 On September 29, 2015, in response to plaintiff's first motion to compel, the court ordered
20 defendants to produce all documents related to excessive force complaints filed within the last ten
21 years which involved alleged conduct toward an arrestee in police custody.  ECF No. 46.  That
22 order denied plaintiff's request for a broader category of excessive force complaints that included
23 complaints of lethal force.  Id.  On November 10, 2015, plaintiff filed a motion to compel

---

[1] It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent to commit an offense specified in Chapter 6 (commencing with Section 11350) and Chapter 6.5 (commencing with Section 11400).

Cal. Health & Safety Code § 11532(a).

1  discovery responses to his Second Set of Requests for Production (RFP), Nos. 1–3 and his Third
2  Set of RFP, Nos. 1–4. ECF No. 50. That motion was denied as untimely because it was filed
3  after the discovery cut-off date. ECF No. 59.

4  On December 11, 2015, plaintiff filed a motion seeking to re-open discovery to allow him
5  to obtain adequate responses to his Third Set of RFP. ECF No. 63. The court granted the motion
6  for the limited purpose of adjudicating the discovery disputes presented in plaintiff's November
7  10, 2015, motion. ECF No. 68. The discovery deadline was extended to January 22, 2016, and
8  plaintiff was warned that any motion filed after that date would be denied as untimely. Id. In
9  addition, the court stated that "[p]laintiff may omit from his renewed motion any request that he
10 feels is unnecessary, but he may not add to the requests addressed in his previous motion. Any
11 discovery requests presented in a new motion that were not presented in plaintiff's November 10,
12 2015, motion will be disregarded." Id. at 5.

13 On January 19, 2016, plaintiff filed (1) a motion to compel that mirrored his November
14 10, 2015, motion; (2) a motion to compel compliance with the court's December 4, 2015,
15 protective order; and (3) a motion for sanctions for the spoliation of evidence. ECF Nos. 69–71.[2]
16 On February 10, 2016, defendants filed an opposition to plaintiff's motions along with a motion
17 for an order prohibiting the unauthorized practice of law. ECF Nos. 79–81. On February 18,
18 2016, plaintiff filed (1) an opposition to defendants' motion for an order prohibiting the
19 unauthorized practice of law; and (2) two replies to defendants' opposition. ECF Nos. 83–85.
20 Finally, on February 19, 2016, plaintiff withdrew his motion for sanctions. ECF No. 86. On the
21 same day, Mr. Cooley filed a declaration in opposition to defendants' motion to prohibit him from
22 engaging in the unauthorized practice of law. ECF No. 87.

23                                       LEGAL STANDARD

24 "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
25 party's claim or defense. . . . Relevant information need not be admissible at the trial if the
26 discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.

---

[2] The motions were subsequently re-filed in response to a court order to correct defective notice of hearing. See ECF Nos. 72, 74-76.

Civ. P. 26(b)(1). Generally, the scope of discovery under Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp., 959 F.2d at 1473 (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)); accord Fed. R. Civ. P. 33(b)(4).

## DISCUSSION

I.   Plaintiff's Motion to Compel Responses to His Second and Third Set of RFP

The court will deny plaintiff's motion as to every request except for Set Two of RFP, Requests Nos. 1 and 2. Responses to Request Nos. 1 and 2 will be subject to the terms of the court's December 4, 2016, protective order issued on December 9, 2015.

Plaintiff moves to compel the production of documents responsive to Set Three of RFP Requests Nos. 1–4. The requests and defendants' responses are, according to plaintiff, as follows:

////

Request No. 1: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes audio and/or video recording or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning excessive force that has occurred within the last ten (10) years.

Response to Request No. 1: Objection. This request is compound, vague and unintelligible as written. Moreover, this request is over broad, unduly burdensome and is oppressive. It is also overbroad in that the request seeks unspecified information from the last ten (10) years. Any of the above information would have little to no probative value, is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence and would cause undue expense to gather and produce.

Further objection is made as this request seeks information that is subject to attorney-client privilege and work product doctrine, as some of the requested information may contain attorney-client communication, attorney thoughts and impression and other privileged information.

The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (Kelly v. City of San Jose, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)

Further objection is made that Plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.

Request No. 2: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning deadly force.

NOTE: Requested discovery should include adequate responses whether or not an internal affairs investigation was initiated or whether or not a citizen's complaint was filed.

Response to Request No. 2: Objection. This request is compound, vague and unintelligible as written. Moreover, this request is over broad, unduly burdensome and is oppressive. Any of the above information would have little to no probative value, is not

relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence and would cause undue expense to gather and produce.

Further objection is made as this request seeks information that is subject to attorney-client privilege and work product doctrine, as some of the requested information may contain attorney-client communication, attorney thoughts and impression and other privileged information.

The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (<u>Kelly v. City of San Jose</u>, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in <u>Martinez v. City of Stockton</u>, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)

Further objection is made that Plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.

<u>Request No. 3</u>: Produce any and all VEIVU (BODY WORN VIDEO CAMERA) recordings concerning any and all Vallejo Police officers who were accused of, investigated for the use of excessive force.

NOTE: Requested discovery should include adequate responses whether or not an internal affairs investigation was initiated or whether or not a citizen's complaint was filed.

<u>Response to Request No. 3</u>: Objection. This request is compound, vague and unintelligible as written. Moreover, this request is over broad, unduly burdensome and is oppressive. Any of the above information would have little to no probative value, is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence and would cause undue expense to gather and produce.

Further objection is made as this request seeks information that is subject to attorney-client privilege and work product doctrine, as some of the requested information may contain attorney-client communication, attorney thoughts and impression and other privileged information.

The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (<u>Kelly v. City of San Jose</u>,

(N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)

Further objection is made that Plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.

Request No. 4: Produce any and all VEIVU (BODY WORN VIDEO CAMERA) recordings concerning any and all Vallejo Police officers who were accused of, investigated for the use of deadly force.

NOTE: Requested discovery should include adequate responses whether or not an internal affairs investigation was initiated or whether or not a citizen's complaint was filed.

Response to Request No. 4: Objection. This request is compound, vague and unintelligible as written. Moreover, this request is over broad, unduly burdensome and is oppressive. Any of the above information would have little to no probative value, is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence and would cause undue expense to gather and produce.

Further objection is made as this request seeks information that is subject to attorney-client privilege and work product doctrine, as some of the requested information may contain attorney-client communication, attorney thoughts and impression and other privileged information.

The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (Kelly v. City of San Jose, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)

Further objection is made that Plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.

ECF No. 76 at 8–15. Plaintiff argues his motion to compel should be granted as to each and every request because of some slight variation of the following:

////

7

> Past incidents or complaints of excessive force by the defendants officers are potentially relevant, or reasonably calculated to lead to the discovery of admissible evidence, and therefore presumptively discoverable. See Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (officer disciplinary records discoverable); Frails v. City of New York, 236 F.R.D. 116, (E.D.N.Y. 2006) (Internal affairs records and unsubstantiated complaints discoverable). In this instant case, due to the existence of internal affair and other non internal affair investigative material VEIVU (BODY WORN VIDEO CAMERA) recordings are potentially relevant or reasonably calculated to lead to the discovery of admissible evidence and therefore presumptively discoverable.

Id. at 9–16.

The court will deny plaintiff's motion as to his Third Set of RFPs because his requests are overbroad in a number of respects. First, Request Nos. 1 and 3 are overbroad to the extent they are inconsistent with the court's September 29, 2015, order, which limited the relevancy of excessive force complaints in this case to "non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody." ECF No. 46. Neither Request Nos. 1 nor 3 are limited to complaints involving conduct alleged to have occurred while an arrestee was in police custody. The court also finds Request Nos. 1 and 2 to be overbroad because they effectively seek every piece of paper ever generated relating to excessive force and deadly force complaints. Requests for production must not be so all-encompassing that they include reams of documents only tangentially related to the case. See, e.g., Audibert v. Lowe's Home Centers, Inc., 152 F. App'x 399, 401 (5th Cir. 2005) (affirming a district court order denying a motion to compel "all things, all documents, all statements, all knowledge of facts, sworn or unsworn, relating to this case").

With regard to Request Nos. 3 and 4, the correspondence attached to defendants' opposition establishes that plaintiff has been informed no body camera evidence relevant to his claims exists. Plaintiff argues in reply that a news report from February 1, 2013, proves relevant body camera footage did exist at one time. ECF No. 85 at 6–7. This news report concerns body camera footage showing Vallejo officers in an alleged act of excessive force. Id. at Ex. B. However, the news report is not related to plaintiff's case and does not establish the existence of body camera footage relevant to this case.

8

Finally, Request Nos. 2 and 4 seek documents related to the use of deadly force, which the court has held on more than one occasion are irrelevant to plaintiff's claims and therefore not discoverable. See ECF No. 46, 57.

As to plaintiff's Second Set of RFPs and defendants' responses, they are the following:

> Request No. 1: Please provide any and all documents concerning Defendant Jodi Brown's Post Profile report.
>
> Response No. 1: Objection. This request is overbroad, unduly burdensome and is oppressive as there are no limitations as to time. This request is also vague as to "Post Profile Report." The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (Kelly v. City of San Jose, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)
>
> Without waiving the above objections, Defendant responds as follows: If Plaintiff seeks a training record summary for Officer Brown, Defendant is willing to engage in a meet and confer discussion about parameter's for such disclosure.
>
> Request No. 2: Please provide any and all documents concerning Defendant Jodi Brown's Vallejo Police Department individual training activity.
>
> Response No. 2: Objection. This request is overbroad, unduly burdensome and is oppressive as there are no limitations as to time. This request is also vague as to "Post Profile Report." The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (Kelly v. City of San Jose, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)
>
> Without waiving the above objections, Defendant responds as follows: If Plaintiff seeks a training record summary for Officer Brown, Defendant is willing to engage in a meet and confer discussion about parameter's for such disclosure.

>Request No. 3: Please provide any and all documents concerning Defendant Jodi Browns employee history; Citizens Complaints and Administrative Investigative regarding alleged use of excessive force and critical incidents resulting in injury or death 2011-2015.
>
>Response No. 3: Objection. This request is compound, vague and unintelligible as written. It is unclear what plaintiff is seeking with the term "employee history" prior to the semi-colon.
>
>To the extent that Plaintiff seeks other documents, this request is overbroad, unduly burdensome and is oppressive. It seeks all "employee history" of Officer Brown of the City Vallejo Police Department, which is not relevant to the issue at hand. It is also overbroad in that the request seeks unspecified information from the last for years. Any of the above information would have little to no probative value, is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence and would cause undue expense to gather and produce.
>
>Further objection is made as this request seeks information that is subject to attorney-client privilege and work product doctrine, as some of the requested information may contain attorney-client communication, attorney thoughts and impression and other privileged information.
>
>The requested information is also subject to the Official Information Privilege, including internal affairs materials, investigatory material and other confidential and privileged materials, disclosure of which would interfere with the operations of the Vallejo Police Department the privacy interests of Vallejo Police Officers protected by state law. (Kelly v. City of San Jose, (N.D. Cal. 1987) I 14 F.R.D. 653), and followed in Martinez v. City of Stockton, (E.D. Cal. 1990) 132 F.R.D. 677, California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq.) (See also Declaration of Captain John Whitney, in support of those responses.)
>
>Further objection is made that Plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.

In arguing that the court should grant his motion to compel further responses to his Second Set of RFPs, plaintiff uses slight variations of the paragraph quoted above during the discussion of his Third Set of RFP. ECF No. 76 at 3–7. As an initial matter, it seems from the description of the meet and confer process in Mark A. Jones' declaration that plaintiff never conferred with defendants over these requests, in violation of Local Rule 251. See ECF No. 79-1 at 2–6. This would normally be sufficient reason to deny plaintiff's motion. L.R. 251. The court

1   will, nevertheless, reach the merits of plaintiff's motion in order to prevent prolonging discovery.

2   The court will grant plaintiff's motion with regard to Request Nos. 1 and 2, which seek
3   Officer Brown's POST Profile Report and other personnel records, because those documents are
4   relevant to plaintiff's claims against Officer Brown.  The court will, however, also order that
5   those documents be produced subject to the standing protective order.  During discovery
6   defendants agreed to produce Officer Brown's POST Profile Report as long as plaintiff agreed
7   that it was subject to the court's December 4, 2015, protective order.  ECF No. 79-1 at 29–32.
8   When plaintiff refused to agree that the protective order should apply to the POST Profile Report
9   without seeing it first, defendants refused to produce it.  Id.

10  Officer Brown's POST Profile Report and other employee documents do not fall within
11  the narrow definition of confidential documents in the protective order.  ECF No. 62 at 3
12  (defining as "confidential material" internal affairs documents related to complaints of excessive
13  force).  Nevertheless, the court finds that in light of the sensitive, personal information contained
14  in Officer Brown's personnel records, defendants have shown good cause for subjecting these
15  documents to the protective order.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,
16  1130 (9th Cir. 2003) (describing the good cause standard applicable to the issuing of a protective
17  order and its modification).  Accordingly, the court will order defendant to produce the
18  documents sought by Request Nos. 1 and 2 of plaintiff's Set Two, redacted as to personal
19  identifying and contact information and subject to the term of the December 4, 2015, protective
20  order.

21  As to plaintiff's Request No. 3, defendants have represented that no responsive documents
22  exist because Officer Brown has not been the subject of any excessive force complaints.  ECF
23  No. 79-1 at 29.  Plaintiff's motion does not point to any evidence that this is untrue.  Accordingly,
24  plaintiff's motion as to Request No. 3 will be denied because defendants have produced all
25  responsive documents in their possession, custody, or control.  See Fed. R. Civ. P. 34(a).

26  II.    Plaintiff's Motion to Compel Compliance with the Court's December 4, 2015 Order
27  The court will deny plaintiff's motion to compel compliance with its December 4, 2015,
28  order because he has not shown that defendants have actually failed to comply.  Plaintiff first

11

requests that the court compel defendants to produce documents without the names and badge numbers of officers involved redacted. ECF No. 75 at 2–3. Defendants produced documents in accordance with the court's September 29, 2015, order on January 8, 2016. ECF No. 79-1 at 3. Defendants, however, redacted those documents to exclude the identifying information of the officers involved, with a ledger that attached numerical values to each officer.[3] Id. Plaintiff argues that this is a violation of the court's protective order.[4] ECF No. 75 at 3. Plaintiff also argues that the names of officers involved in excessive force complaints are relevant because they allow him to form patterns, not only when it comes to who is committing excessive force, but who are failing to supervise the committers of excessive force. Id. Defendants argue, however, that the ledger they have attached to the records allows plaintiff to do just that. ECF No. 79-1 at 22.

The court finds that plaintiff has not shown how the names and badge numbers of the officers that appear in these documents are relevant to his claims in light of the attached ledger. The patterns of excessive force that plaintiff is looking for to support his Monell claim can be identified and discussed via the numerical system utilized by defendants both in this case, and others. See Cooley v. City of Vallejo, No. 2:12-cv-00591-LKK-AC (E.D. Cal., Oct. 29, 2013) (ECF No. 54) (ordering that documents related to complaints filed against City of Vallejo police officers be produced with the names of non-defendant officers redacted and identified by initials). Accordingly, the court will not order defendants to produce unredacted copies of documents responsive to its September 29, 2015, order.

Plaintiff also argues that defendants have withheld documents related to excessive force

---

[3] The undersigned approved of a process similar to this in another case in 2013. See Cooley v. City of Vallejo, No. 2:12-cv-00591-LKK-AC (E.D. Cal., Oct. 29, 2013) (ECF No. 54) (ordering that documents related to complaints filed against City of Vallejo police officers be produced with the names of non-defendant officers redacted and identified by initials).

[4] Plaintiff most likely meant to argue that defendants violated the court's September 29, 2015, order requiring defendants to produce certain documents related to excessive force complaints. ECF No. 46. Instead, plaintiff contends that defendants failed to comply with the court's December 4, 2015, protective order, which does not actually order defendants to produce any documents whatsoever. ECF No. 62. Ultimately, which order plaintiff meant to refer to is of no consequence because for reasons the court explains in this order, his motion fails on the merits.

1 complaints that should have been produced pursuant to the court's September 29, 2015, order.
2 ECF No. 75 at 4–5. In support of his assertion, plaintiff points to two incidents of alleged
3 excessive force involving Vallejo police officers that were reported in the press. Id. Plaintiff
4 argues that these incidents prove instances of excessive force have occurred, and therefore that
5 there must be responsive documents in the Vallejo Police Department's possession that
6 defendants are withholding. Id. Defendants, however, argue that these incidents are irrelevant
7 because there is no indication they occurred while an arrestee was *in custody*. ECF No. 79 at 5.
8 Defendants are correct. The alleged acts of excessive force described by plaintiff inn this context
9 do not involve arrestees in police custody. ECF No. 75 at 4–5. Accordingly, they do not support
10 plaintiff's argument that defendants are withholding documents.

11 Defendants also argue that plaintiff's motion is outside of the limited scope of the court's
12 January 7, 2016, order extending the discovery cutoff date. ECF No. 79 at 5. Technically, this is
13 true. See ECF No. 68 at 5. Defendants did not produce the document at issue, however, until
14 January 8, 2016, a day after the court extended the discovery period.[5] Accordingly, it would
15 have been impossible for plaintiff to file the pending motion before the discovery cutoff period.
16 In light of this fact the court will consider (but deny) the motion.

17    III.    Defendants' Motion for an Order Prohibiting the Unauthorized Practice of Law

18 The court will deny defendants' motion for an order prohibiting the unauthorized practice
19 of law and modification of the protective order because (1) the court is not in a position to
20 adjudicate unauthorized practice of law claims against Mr. Cooley; and (2) defendants have not
21 shown good cause for modification of the protective order.

22 Defendants argue that Mr. Cooley is committing the unauthorized practice of law and the
23 court should therefore issue an order prohibiting him from involving himself in this case. The
24 court will deny defendants' request because it is simply not in a position to investigate or
25 adjudicate an unauthorized practice of law claim against Mr. Cooley. Defendants argue that by
26 providing legal advice and drafting discovery and discovery motions in exchange for monetary

---

[5] Defendants themselves could not produce the document at issue until the court issued a protective order, which it did on December 9, 2015. ECF No. 62.

1  compensation, Mr. Cooley is engaging in the unauthorized practice of law. ECF No. 81 at 4–6.
2  This court is not an inquisitorial body with responsibility for identifying and remedying the
3  unauthorized practice of law. If defendants wish to prevent Mr. Cooley from engaging in actions
4  they believe constitute the unauthorized practice of law, they must appeal to the appropriate
5  regulatory and/or law enforcement entities.
6       Defendants seem to base their motion in part on Local Rule 180 and Federal Rule 83. See
7  id. at 5. Neither Local Rule 180 nor Federal Rule 83, however, authorize the kind of order
8  defendants seek. Local Rule 180 details the rules that apply to attorneys practicing before this
9  court and incorporates the Rules of Professional Conduct of the State Bar of California as to
10 them. Federal Rule 83 provides for the drafting of local rules.
11      The Ninth Circuit cases cited by defendants also do not concern orders like the one
12 requested by defendants in this case. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th
13 Cir. 2008) (holding that a pro se plaintiff cannot represent his employer's benefit plan); Johns v.
14 Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that a parent or guardian cannot
15 bring an action on behalf of a minor child without retaining a lawyer); United States v. Kelley,
16 539 F.2d 1199, 1201 (9th Cir. 1976) (holding that a criminal defendant's Sixth Amendment right
17 to self-representation was not violated by a district court order refusing to allow a third party non-
18 lawyer to serve as trial counsel). In light of the foregoing the court will deny defendants' motion
19 because they have failed to carry their burden of establishing a legal basis for and entitlement to
20 the order they seek.
21      Defendants argue further that Mr. Cooley has violated the protective order in Martin v.
22 City of Vallejo, No. 2:14-cv-554 DAD PS (E.D. Cal. Apr. 17, 2015) (ECF No. 56) and therefore
23 should be excluded from the protective order in this case. The court will deny defendants'
24 request because they have not established that Mr. Cooley has violated the protective order in
25 Martin. As evidence that Mr. Cooley has violated that protective order, defendants point to
26 plaintiff's discovery correspondence. ECF No. 81 at 6–7. Specifically, defendants point to a
27 January 12, 2016, email from plaintiff to Mr. Jones, in which plaintiff asserts that he knows
28 unproduced responsive documents exist because Mr. Cooley told him that compared to the

documents produced in <u>Martin</u> the production in this case has been incomplete. <u>Id.</u> at 3, 6–7. Defendants do not allege that Mr. Cooley actually shared confidential documents or information contained in those documents with plaintiff. <u>Id.</u> at 6–7. Instead, defendants argue that Mr. Cooley is using the substantive information obtained in <u>Martin</u> and other cases as a basis for drafting plaintiff's discovery and discovery motions. <u>Id.</u> at 6.

The identified actions do not violate the protective order in <u>Martin</u>, which prohibits the sharing of confidential documents and information contained in those documents. The protective order in <u>Martin</u> prohibits the sharing of confidential documents and the information contained therein. Mr. Cooley telling plaintiff that the mere *quantity* of produced documents in <u>Martin</u> was more substantial than the quantity of documents produced in this case does not reveal any confidential information.[6] Because there is no evidence that Mr. Cooley has violated the protective order in any other way, the court will deny the motion.

## CONCLUSION

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's motion to compel, ECF No. 75, is GRANTED in part. Defendants must produce the POST Profile Report and personnel records of Officer Brown, redacted and subject to the court's December 4, 2015, protective order, within fourteen days of the service of this order;

2. Plaintiff's motion to compel, ECF No. 76, is DENIED; and

---

[6] At the hearing, defendants argued Mr. Cooley's representation that defendants' discovery has been "incomplete" could be interpreted as commentary on the substance of that discovery, rather than merely its quantity. A plain reading of the email at issue, however, reveals this interpretation to be far-fetched. Plaintiff's email to Mr. Jones states

> I also have been working with Mr. Cooley and he has communicated to me that he has observed that the discovery responses are incomplete. Without sharing any documents that have been provided to my group member in Martin v. City of Vallejo, Mr. Cooley has identified that the discovery is substantially less in my case than in my group member's cases. This is a concern because of the similarity of the discovery requests.

ECF No. 81 at 3. Contrary to defendants' assertion, there is simply no reason to find from this statement that Mr. Cooley disclosed anything to plaintiff other than the quantity of the discovery in <u>Martin</u> compared to the quantity in this matter.

3. Defendants' motion for an order prohibiting the unauthorized practice of law and modifying the protective order, ECF No. 81, is DENIED.

DATED: February 26, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE