EXPRESSIVE ASSOCIATION
DESHAWN CATHEY
465 CARLSON STREET
VALLEJO, CA 94590
(510) 512-3938

IN PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DESHAWN CATHEY,

    Plaintiff,

vs.

CITY OF VALLEJO, et., al.,

    Defendant

Case No. 2:14-CV-01749-JAM-AC

**PLAINTIFF'S AMENDED OPPOSITION TO CITY DEFENDANTS' SUMMARY JUDGMENT**

Date: June 22, 2016
Time: 10:00 a.m.
Crtrm: 26, 8th Floor

**Allison Claire, Magistrate Judge**

Plaintiff Deshawn Cathey, in pro se, hereby serves his amended opposition to City Defendant's motion for summary judgment pursuant local rule 260 and the Court's June 2, 2016 order.

This motion is made and based upon all papers and records on file with the Court herein, the Points and Authorities, and such oral argument, testimony and evidence as the Court may require at the time this matter is considered.

-1-

## I. **STATEMENT OF FACTS**

On April 3, 2014, at approximately 4:00 p.m., innocent unarmed and non-threatening black male adult Plaintiff Deshawn Cathey was visiting his friend Patricia Nuttall at her residence located at 813 5th Street, Vallejo, California 94590. Plaintiff was talking on his cell phone to his wife, when all of a sudden several Vallejo Police vehicle stopped at the residence detained Plaintiff for unknown reason by Vallejo Police Officer Jodi Brown badge #637. see Exhibit "A". Without reasonable suspicion or probable cause that Plaintiff was engaging in criminal activity Defendant Brown placed Plaintiff in handcuffs extremely tight and Plaintiff immediately complain and requested that Defendant Brown loosen them but she ignored the Plaintiff's request. Without Plaintiff's consent, Defendant Brown searched Plaintiff's person including the inside of his pockets with negative results but seized $772. Plaintiff verbally contested that he had done nothing wrong to be handcuffed and searched and demanded that Defendant Brown remove the handcuffs let him go on his way. Defendant Brown instead placed Plaintiff in the back of a police vehicle and transported Plaintiff to the Vallejo Police station where Plaintiff was left in too tight handcuff's for approximately one hour. Plaintiff requested several times that the handcuffs be loosened but Defendant Brown failed and/or refused to remove or loosen the handcuffs resulting pain and numbness for over approximately three weeks subsequent to the police encounter. Plaintiff was released by citation for a violation of § 11532 (a) of the Health & Safety Code. The Solano County District Attorney's Office declined to file charges due to insufficient evidence.

# ARGUMENT

## A. DEFENDANT BROWN DID NOT HAVE PROBABLE CAUSE TO ARREST PLAINTIFF FOR LOITERING

The absence of probable cause is a necessary element of section 1983 false arrest claims. Barry v. Fowler, 902 F.2d 770 (1990); Awabdy v. City of Adelanto, 368 F.3d 1062 (9th Cir. 2004). Probable cause requires only that those facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed an offense. Barry, F.2d at 773 (quoting Michigan v. Dellippo, 443 U.S. (1979). An officer may not ignore exculpatory evidence that would "negate a finding of probable cause". Broam v. Bogan, 320 F.3d 1023 (2003).

"Before an officer may even consider factors relating to whether a person is loitering in a manner and in circumstances that manifest an intent to engage in drug-related activity, the officer must have had probable cause to believe that the person was actually loitering." Phillip v. City of Fairfield, 406 F.Supp. 2d 1101, (E.D. Cal. 2005). In this instant case, Defendant Brown did not have probable cause to believe Plaintiff was actually loitering when she detained Plaintiff on April 3, 2014. Plaintiff asserts that when Defendant Brown questioned him during their encounter Defendant Brown questioned him about his purpose at the location and Plaintiff specifically communicated to Defendant Brown that he was visiting his friend Patricia Nuttall who resided at 813 5th Street, Vallejo, Ca 94590, the location of the encounter. See Exhibit "A".

Defendant Brown claims that she observed several subjects loitering on the sidewalk in front of 813 5th Street, Vallejo, Ca 94590, that she observed two males drinking alcohol and one was rolling a blunt and she could also smell a strong odor of marijuana coming from the group. Defendant Brown claims that she exited her vehicle and smelled a strong odor of marijuana coming from Plaintiff and as a result she decided to stop and search him. The search revealed $772 and Defendant Brown claims that due to fact the area is known for violent crimes, her experience that the monies small denominations were consistent with drug sales and Plaintiff alleged past conviction of sales of narcotics, Defendant Brown decided to arrest Plaintiff for loitering with the purpose of drug sales.

Pursuant to California Penal Code § 647 (h) and California Jury Instruction 2915. Loitering. To prove the elements of loitering, the People must prove that:

1. The defendant delayed, lingered, prowled, or wandered on the private property of some else;

2. When the defendant was on that property, (he/she) did not have a lawful purpose for being there;

3. When the defendant was on the property, (he/she) intended to commit a crime if the opportunity arose;

   AND

    4. The defendant's purpose for being on the property was to commit a crime if the opportunity arose.

In this instant case, it is undisputed that Plaintiff was visiting his friend Patricia Nuttall who resided at the location of the encounter, 813 5th Street, Vallejo, Ca 94590. See Exhibit "A". Plaintiff had a lawful purpose for being at the location as a visitor, therefore negating the finding of probable cause to arrest him for loitering. See Exhibit "A". Plaintiff did not delay, linger, prowl or wander on the private property of someone else's property because he was invited to the residential location the encounter took place at. See Exhibit "A". Plaintiff disputes what Defendant Brown observed or smelled on the grounds he was not located (standing or sitting on the side walk in front of 813 5th Street, Vallejo, Ca 94590, with any of the detained individuals. See Exhibit "A". Without first establishing probable cause to believe that Plaintiff was actually "loitering" Defendant Brown did not have probable cause to arrest Plaintiff. Moreover, on April 28, 2014, the Solano County Deputy District Attorney, Shelly Moore rejected Defendant Brown's finding of probable cause and decided that there was insufficient evidence to prosecute Plaintiff criminally. See Exhibit "B".

Subsequently, on January 22, 2016, Plaintiff initiated email communication with Defendant Brown's attorney of record Mark Jones, demanding that his $772 be returned back to him or he would file a motion pursuant to California Penal Code § 1538.5, for the return of his property. See Exhibit "C". On January 26, 2016, Mr. Jones notified Plaintiff that he would need to schedule an appointment with the Vallejo Police Department property and evidence section for the return of his money.

See Exhibit "D". Thereafter, Plaintiff obtained the full recovery of his money, which obviously shows that the seizure was seized without probable cause. See Exhibit "A".

### B. THERE IS A DISPUTE OF MATERIAL FACTS THAT OFFICE BROWN PLACE PLAINTIFF IN TOO TIGHT HANDCUFF'S

In LaLonde v. County of Riverside, 204 F.3d 947 (9th Cir. 2000), the Court of Appeal held that the question of excessive force based on too tight handcuffs is usually fact-specific and likely to turn on the credibility of witnesses. In this instant case, Plaintiff asserts that Brown placed him in too tight handcuffs and that he complained to her concerning the handcuffs approximately ten times and she would not loosen them. See Exhibit "A". Plaintiff asserts that as a result of the handcuffing he suffered substantial injury. See Exhibit "A". The issue concerning the handcuffing is for a jury to deliberate on and not to be determined at summary judgment.

### C. BROWN IS NOT ENTITLED TO QUALIFIED IMMUNITY

Defendants argue that reasonably believed Brown made a mistake in judgment and shielded by qualified immunity citing Alexander v. County of Los Angeles, 64 F.3d 1315 (9th Cir. 1995). This argument fails because Plaintiff was not loitering, he was only visiting his and Plaintiff complained numerous times to loosen the handcuffs and Brown refused to loosen them. See Exhibit "A".

### D. THE COURT SHOULD DENY CITY DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING PLAINTIFF'S MONELL CLAIMS BECAUSE ADDITIONAL DISCOVERY IS NEEDED

The Court should deny City Defendants motion for partial summary judgment concerning Plaintiff's "Monell" claims because additional discovery is need. Plaintiff asserts that after receiving discovery production from City Defendants, he discovered that City Defendants prepared the documents in the manner that only disclosed police encounters with citizen's that are either shows the officer was exonerated or the complaints were unfounded. See Exhibit "A". Plaintiff's complaint alleges the following:

> **"Plaintiff further believes and intends to prove that City Police officers have injured and killed numerous citizen's in 2001-2013 and none of the officers involved have been disciplined or retrained."**

Plaintiff is entitled to attempt to prove this allegation against City of Vallejo. Due to the City Defendants limited production Plaintiff was not able to prove this allegation. Further discovery is warranted and the Court should deny summary judgment concerning Plaintiff's "Monell" claims.

## CONCLUSION

For the above-stated reasons, City Defendants' motion for summary judgment should be denied.

Date 6-10-16

Deshawn Cathey

DESHAWN CATHEY

# EXHIBIT "A"

EXPRESSIVE ASSOCIATION
DESHAWN CATHEY
465 CARLSON STREET
VALLEJO, CA 94590
(510) 512-3938

IN PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN CATHEY,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, et., al.,<br><br>   Defendant | Case No. 2:14-CV-01749-JAM-AC<br><br>**DECLARATION OF PLAINTIFF DESHAWN CATHEY IN SUPPORT OF HIS AMENDED OPPOSITION TO CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 22, 2016<br>Time: 10:00 a.m.<br>Crtrm: 26, 8th Floor<br><br>**Allison Claire, Magistrate Judge** |

I, Deshawn Cathey, declare to the following statements:

1. On April 3, 2014, at approximately 4:00 p.m., I was visiting my friend Patricia Nuttall who invited me to her residence located at 813 5th Street, Vallejo, Ca 94590.

2. As I was talking on my cell phone to my wife in front of the residence, Defendant Vallejo Police Officer, Jodi Brown pulled up and ordered me to drop my phone on the ground, which I complied.

-1-

3. Without my consent, Defendant Brown conducted a search of my person including a search of my pockets.

4. While searching my pockets, Defendant Brown asked me what I was doing at the location.

5. I communicated to Defendant Brown that I was visiting my friend Patricia Nuttall who resided at the location of the encounter.

6. Defendant Brown seized $772 from my pockets and made the decision to arrest me for loitering with the intent to engage in drug related activities by placing me in too tight handcuffs.

7. I complained to Defendant Brown numerous times that the handcuffs were too tight and she ignored me.

8. Defendant Brown carted me off to the Vallejo Police Station where I was detained in a holding cell for several before being transported to the Solano County Detention Center where I was held in a holding cell for several more hours before being cite released for violating Health & Safety § 11532 (a).

8. After demanding my money from City Defendant through their attorney of record Mark Jones, I finally recovered in full the $772 that Defendant Brown seized from person on April 3, 2014.

-2-

-3-

9. I was not standing or sitting on the side walk in front of 813 5th Street, Vallejo, Ca 94590 with any of the other detained individuals and I did not smell like marijuana because I did not and do not smoke marijuana.

10. I did not delay, linger, prowl or wander on the private property of some else I was invited to the location that I had the encounter with Defendant Brown.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Date 6-10-16

DESHAWN CATHEY

# EXHIBIT "B"

Rpt. # VPD14-03797   Booking# 14-04014 - PTA 04/24/14
DONALD A. du BAIN
District Attorney of Solano County
By: **DDA SHELLY MOORE**, #171932
355 Tuolumne St., Suite 3200
Vallejo, California 94590
Telephone: (707)553-5321

Attorney for the People

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SOLANO

| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. |
|---|---|
| Plaintiff, | NOTICE OF INTENT NOT TO PROSECUTE |
| vs. | |
| DESHAWN CATHEY 01/13/1975 | |
| Defendant. | |

The People do hereby represent to the Court that no formal charges will be brought against the above named who was arrested by VALLEJO POLICE DEPARTMENT on 04/03/2014, for the charge, MISDEMEANOR to wit: violation of Section 11532(a) of the Health and Safety Code.

REASON: INSUFFICIENT EVIDENCE

Dated: April 22, 2014

*This instrument is a correct copy of the original on file in this office*
ATTEST: APR 28 2014
Clerk of the Superior Court of the State of California for the County of Solano
By_____ DEPUTY CLERK

Respectfully submitted,

DONALD A. du BAIN
District Attorney

Page 1

# EXHIBIT "C"

**CONFIDENTIALITY NOTICE**
This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

**From:** deshawn cathey [mailto:deshawncathey@yahoo.com]
**Sent:** Friday, January 22, 2016 3:15 PM
**To:** Mark Jones
**Subject:** REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY

Mr. Jones,

Several months ago prior defense counsel Furah Faruqui and I met and conferred concerning the return of the $772 that was seized from my person on the date of my encounter with Defendant Brown. Ms. Faruqui communicated to me that she was going to write a letter to the Vallejo Police Department requesting that my money be returned to me. Since I have not received a copy of the letter or the return of my money. I am requesting that my money be returned to me immediately.

I will be filing a motion for the return of property pursuant to California Penal Code section 1538.5 on Tuesday, January 26, 2016, if you do not response to the request by Monday.

---

## Attachments

- image001.jpg (1.79KB)

# EXHIBIT "D"

**Subject:** Re: REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY
**From:** deshawn cathey (deshawncathey@yahoo.com)
**To:** mjones@jonesdyer.com;
**Date:** Tuesday, January 26, 2016 10:30 AM

Due to your last email I will postpone the filing of my motion until tomorrow. I have been more than patient concerning the return of my money. On April 3, 2014, Vallejo Police Officer Jodi Brown seized $772 from my person. After reviewing Brown's police report of the encounter concerning probable cause to file a complaint on April 22, 2014, the Solano County District Attorney's office denied the charges. Its almost two years later and I still don't have my money. I want my money back immediately.

On Monday, January 25, 2016 3:23 PM, Mark Jones <mjones@jonesdyer.com> wrote:

Mr. Cathey, the officer I need to speak to is not on duty until tomorrow – I should have your answer then, and I will let you know.

Sincerely,
Mark A. Jones
Jones & Dyer
1800 J Street
Sacramento, CA
95811
(916) 552-5959
(916) 442-5959 Fax

**CONFIDENTIALITY NOTICE**
This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

**From:** deshawn cathey [mailto:deshawncathey@yahoo.com]
**Sent:** Monday, January 25, 2016 1:35 PM
**To:** Mark Jones
**Subject:** Re: REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY

I will need to know if your clients are going to return my money back by the end of this business day because I will be filing my Cal Penal code 1538.5 motion first thing tomorrow morning.

Mr. Cathey, I have contacted my client and will get back to you shortly regarding the return of your $772.

Sincerely,
Mark A. Jones
Jones & Dyer
1800 J Street
Sacramento, CA
95811
(916) 552-5959
(916) 442-5959 Fax

**CONFIDENTIALITY NOTICE**
This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

**From:** deshawn cathey [mailto:deshawncathey@yahoo.com]
**Sent:** Friday, January 22, 2016 3:15 PM
**To:** Mark Jones
**Subject:** REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY

Mr. Jones,

Several months ago prior defense counsel Furah Faruqui and I met and conferred concerning the return of the $772 that was seized from my person on the date of my encounter with Defendant Brown. Ms. Faruqui communicated to me that she was going to write a letter to the Vallejo Police Department requesting that my money be returned to me. Since I have not received a copy of the letter or the return of my money. I am requesting that my money be returned to me immediately.

I will be filing a motion for the return of property pursuant to California Penal Code section 1538.5 on Tuesday, January 26, 2016, if you do not response to the request by Monday.

**Subject:** RE: REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY
**From:** Mark Jones (mjones@jonesdyer.com)
**To:** deshawncathey@yahoo.com;
**Date:** Tuesday, January 26, 2016 3:54 PM

Mr. Cathey, to receive your property you will need to call Stephanie Boursaw at 707-648 - 4573 to schedule an appointment. Ms. Boursaw is in the Property and Evidence section of the Vallejo Police Department. She will try to get you in the same day that you contact her. Ms. Boursaw will arrange for the return of your property.

**Mark A. Jones**

Attorney at Law

**JonesDyer**

(916)552-5959

1800 J Street

Sacramento, CA 95811

CONFIDENTIALITY NOTICE

This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

**From:** deshawn cathey [mailto:deshawncathey@yahoo.com]
**Sent:** Tuesday, January 26, 2016 10:31 AM
**To:** Mark Jones
**Subject:** Re: REQUEST FOR THE RETURNED OF THE SEIZED $772 IN U.S. CURRENCY

Due to your last email I will postpone the filing of my motion until tomorrow. I have been more than patient concerning the return of my money. On April 3, 2014, Vallejo Police Officer Jodi Brown seized $772 from my person. After reviewing Brown's police report of the encounter concerning probable cause to file a